# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM R. TOLES,**

                  Petitioner,

        -vs-                                          Case No. 05-C-398

**BYRON BARTON,**
**Director, Wisconsin Resource Center,**
**Oshkosh, Wisconsin,**

                  Respondent.

## DECISION AND ORDER

This matter comes before the Court on William Toles' ("Toles") petition for a writ of habeas corpus under 28 U.S.C. § 2254. Toles is currently incarcerated at the Wisconsin Resource Center after pleading guilty to one count of Armed Robbery While Concealing Identity. Toles was sentenced to twenty-five years imprisonment. He is incarcerated at the WRC because he has been diagnosed as suffering from schizophrenia.

Toles brings a large number of claims for relief (9 total), but the main thrust of his challenge is that his confession was illegally obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Toles also brings claims for ineffective assistance of appellate and trial counsel. The Court will discuss Toles' claims for relief in more specific detail during the course of this opinion.

At the state level, Toles pursued a direct appeal and an additional motion attacking his sentence under Wis. Stat. § 974.06, both of which were unsuccessful. Previously, upon

an initial review of Toles' petition, Magistrate Judge Patricia Gorence appointed counsel for the petitioner and directed the respondent to file an answer to Toles' petition. Subsequently, the respondent filed an answer, but Toles submitted a refusal to consent to the Magistrate's jurisdiction, thereby causing the case to be assigned to this Court.

Upon consideration of the petition and the answer thereto, the Court concludes that Toles' petition should be dismissed.

## FACTUAL BACKGROUND

In 1999, Toles was a parolee with the Wisconsin Department of Corrections. In the early morning of August 13, 1999, following a string of armed robberies in Beloit, Wisconsin, Toles was stopped and detained on suspicion of committing those robberies after he was seen with another individual late at night under suspicious circumstances.

The detaining officer learned that Toles was a parolee and called the Wisconsin Department of Corrections after-hours number. The officer told the person answering the phone at WDOC that he felt Toles (and his cohort) were suspects in two armed robberies and asked that the WDOC place a hold on them until the matter was further investigated. The officer indicated that they matched the description of the suspects and explained that they were detained under suspicious circumstances. The WDOC authorized a hold because the offense in question involved "any degree of battery or violence" under applicable guidelines.

On August 15, 1999, Toles was still being held at the Rock County Jail under the parole hold when he was visited by a probation/parole agent from the WDOC. Toles denied

involvement in the robberies. The parole agent did not release the parole hold, determining that further investigation was needed.

On August 17, 1999, Toles remained in custody when he was interviewed by Detective Craig Johnson. Before questioning, Detective Johnson read Toles a *Miranda* warning. Toles responded that he understood his rights. Toles signed the form acknowledging that he was advised of his rights and understood them.

Detective Johnson advised Toles that he was being questioned concerning robberies which took place at Joe's Ranch House and the Filling Station Tavern in Beloit. Toles asked Detective Johnson if a public defender would be coming to see him. Johnson told Toles he did not think so because Toles was not facing any criminal charges. Johnson asked Toles if he had an attorney and Toles responded that he did not. Johnson reminded Toles again that before they went any further, Toles did not have to talk to him if Toles did not want to and Toles did not have to talk to him without an attorney present. Toles advised Johnson that he would talk to him, and that Toles understood those rights.

Toles continued to maintain his innocence, but wavered when told that shoe prints had been recovered at the scene of one of the robberies. After making a phone call to his girlfriend, Toles confessed to robbing Joe's Ranch House. Toles' signed confession indicated that he waived his *Miranda* rights.

## STATE COURT PROCEEDINGS

Toles moved to suppress his confession on the grounds that the police lacked adequate grounds to take him into custody and that his statement was involuntarily made. The circuit

-3-

court held that there were reasonable grounds to detain him and his detention was constitutionally valid under *Terry v. Ohio*, 392 U.S. 1 (1968). The circuit court also held that the parole hold was proper under applicable law. Finally, the circuit court held that Toles' confession was voluntary because he properly waived his *Miranda* rights and he never requested an attorney prior to his confession. Accordingly, the circuit court denied Toles' motion to suppress. In August 2000, Toles pled guilty to one count of armed robbery.

On May 9, 2002, the Wisconsin Court of Appeals affirmed Toles' conviction. Toles argued that the confession should have been suppressed because the police officer did not have reasonable suspicion to support the initial seizure, and that he was arrested without probable cause. The court held that the evidence should not have been suppressed because the connection between the officer's conduct and the statement was sufficiently attenuated to dissipate the taint from the allegedly illegal action. (Docket No. 1, Exhibit C, *State of Wisconsin v. Toles*, No. 01-0680-CR, ¶ 3); *State v. Tobias*, 196 Wis. 2d 537, 544-46, 538 N.W.2d 843 (Ct. App. 1995).

Toles also argued that his confession should have been suppressed because he was subjected to an improper parole hold. (Docket No. 1, Exhibit C at ¶ 11). The court rejected this argument and held that the hold was reasonable under *State v. Goodrum*, 152 Wis. 2d 540, 545-46, 449 N.W.2d 41 (Ct. App. 1989).

Finally, Toles argued that he was not given a proper *Miranda* warning when he was interrogated by police detectives. The court held that Toles waived this argument because he did not raise it before the trial court in his motion to suppress. (Docket No. 1, Exhibit C

at ¶ 16). The Wisconsin Supreme Court denied a petition for review. Toles did not appeal to the United States Supreme Court.

Toles then filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06. The circuit court clarified that the *Miranda* issue presented at the original motion to suppress dealt with the voluntariness of the confession, not with whether the *Miranda* warning given to Toles was defective.[1] Accordingly, Toles argued that his court-appointed counsel was ineffective for failing to challenge the admissibility of his confession at the suppression hearing based on a defective *Miranda* warning. The Court denied this claim, noting that the record demonstrated that Toles was given a proper *Miranda* warning and was informed of his right to have an attorney present prior to his confession. Moreover, Toles' court-appointed counsel "made a much more detailed and sophisticated challenge to the statement's admissibility which included, either directly or by implication, the asserted violation of the *Miranda* warning." (Docket No. 1, Exhibit D, *State of Wisconsin v. Toles*, No. 99-CF-2448 at 6). Accordingly, the record "clearly and unequivocally demonstrate[ed] that [the defense attorney] acted in a professionally competent manner." *Id.*

Toles appealed, and the Wisconsin Court of Appeals made the following findings of fact which help clarify the confusion with regard to Toles' *Miranda* claim:

> An affidavit and brief filed in support of [Toles'] suppression motion asserted that, although Toles had signed a form waiving his *Miranda* rights, when Toles asked when a public defender would be coming to see him, one of the detectives advised him that he did not believe any attorney was coming because Toles

---

[1] The circuit court noted that at the suppression hearing, Toles' attorney stated that he "was not claiming the Miranda violation." (Docket No. 1, Exhibit D, *State of Wisconsin v. Toles*, No. 99-CF-2448 at 2).

-5-

> had not yet been charged. The trial court concluded that the totality of the information provided by the police adequately informed Toles of his *Miranda* rights and denied the suppression motion. . . .
>
> On appeal, Toles argued not only that the detective had given him erroneous information regarding whether he could be provided an attorney before he was charged, but also that the *Miranda* warnings given immediately before the interrogation at issue had failed to mention that, if Toles could not afford an attorney, one would be provided for him. The State claimed that Toles had waived any objection to the sufficiency of the *Miranda* warnings given. Toles responded that his argument on appeal was merely an expansion of the argument he had made below. In the alternative, Toles asked this court to review the issue in the interest of justice. We deemed the issue waived and declined to exercise our discretionary reversal power.
>
> Toles then filed a postconviction motion under Wis. Stat. § 974.06, renewing his arguments that he was given both inaccurate and incomplete information about his right to an attorney, and claiming that appellate counsel should have raised the issue of ineffective assistance of trial counsel based on trial counsel's failure to bring the omission in the *Miranda* warnings to the trial court's attention. The trial court denied the motion without a hearing, and Toles appeals.

(Docket No. 1, Exhibit E, *State of Wisconsin v. Toles*, No. 03-2370, ¶¶ 2-4).

To avoid the procedural bar on his *Miranda* claim, Toles argued that he was provided ineffective assistance of appellate counsel on his direct appeal. Toles argued that appellate counsel should have raised the issue of defective *Miranda* warnings in the context of ineffective assistance of trial counsel, rather than attempting to raise the issue directly, or through a request for discretionary reversal. The court of appeals rejected this argument and denied the motion. The Wisconsin Supreme Court denied a petition for review.

-6-

## ANALYSIS

Federal courts must deny a petition for habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A decision is "contrary to" federal law when the state court applies a rule that "contradicts the governing law set forth by the Supreme Court," or when an issue before the state court "involves a set of facts materially indistinguishable from a Supreme Court case," but the state court rules a different way. *Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "'A state-court decision that correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular petitioner's case' qualifies as a decision involving an unreasonable application of clearly established federal law." *Id.* (quoting *Williams*, 529 U.S. at 407-08).

The Court also must examine whether any of Toles' claims are subject to procedural default. This involves "two inquiries – whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquires is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default." *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992).

-7-

Stated another way, the petitioner first must give the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner must have presented his claims "at the time and in the way required by state law." *Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999).

As discerned by Judge Gorence, petitioner brings nine claims for relief in his petition. The following claims revolve around the allegedly defective *Miranda* warnings: (1) ineffective assistance of trial counsel for failure to challenge defective *Miranda* warnings; (2) ineffective assistance of post-conviction and appellate counsel for failing to raise the issue of trial counsel's failure to attack the sufficiency of the *Miranda* warning; (3) ineffective assistance of post-conviction/appellate counsel for failure to request an evidentiary hearing on the issue of whether the petitioner was denied effective assistance of counsel at trial by trial counsel's failure to raise the *Miranda* warning; (4) denial of Fifth Amendment rights when police failed to advise petitioner that he could have counsel appointed prior to questioning if he desired; and (5) denial of Fifth Amendment rights when police erroneously informed petitioner as to when the public defender would come to see him.

First, Toles has procedurally defaulted the claim that his trial counsel was ineffective for failure to challenge the allegedly defective *Miranda* warnings by failing to raise it under the proper procedure in state court. Toles' correlative argument, that his post-conviction/appellate counsel was ineffective for failing to attack trial counsel's failure in this

-8-

regard, was addressed and rejected by the Wisconsin Court of Appeals. (Docket No. 1, Exhibit E at 4-6). This determination was neither contrary to, nor an unreasonable application of, clearly established constitutional law. *See Jones v. Barnes*, 463 U.S. 745, 751-53 (1983) (discussing why counsel is in the best position to determine which issues to raise on appeal). As the court noted, appellate counsel "did not ignore the *Miranda* issue, but rather made a judgment as to the best manner in which to raise it. We cannot say counsel's approach was unreasonable or outside the wide range of professional norms, or that a claim of ineffective assistance of trial counsel would have been clearly stronger than a direct attack." (Docket No. 1, Exhibit E at 5). The same logic applies with respect counsel's failure to request a hearing on this issue.

As for the substantive *Miranda* claims, these claims were also procedurally defaulted in state court. Moreover, the trial court determined in the context of Toles' motion to suppress, and again in the context of his § 974.06 motion, that Toles' *Miranda* rights were properly observed prior to his confession, and that Toles never requested an attorney. (Docket No. 1, Exhibit B at 13-14; Exhibit D at 5-7). Once again, this conclusion was neither contrary to, nor an unreasonable application of, the law set forth in *Miranda* and its progeny. *See, e.g., Duckworth v. Eagan*, 492 U.S. 195, 197 (1989) (statement that lawyer would be appointed "if and when you go to court" was not a *Miranda* violation because it was true under Indiana law and other proper warnings were given).

Petitioner also brings three claims which relate to his detention prior to his confession: (1) Fourth Amendment violation when the police detained the petitioner without probable

cause and without reasonable suspicion; (2) Fourth Amendment violation when the WDOC placed a parole hold on the petitioner that was not supported by probable cause; and (3) Fourth and Fourteenth Amendment violation when the State used his confession that was derived from his illegal detention.

These claims are barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976), which held that a state prisoner may not be granted federal habeas relief on the ground that evidence was obtained in an unconstitutional search and seizure where the state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim. The transcript for the suppression hearing demonstrates that Toles was provided such an opportunity. (Docket No. 8, Exhibit K).

Finally, petitioner claims that he was denied due process when the Wisconsin courts refused his request for a hearing on his § 974.06 motion. This claim is not cognizable on federal habeas review. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (claimed errors in state collateral review cannot form the basis for federal habeas relief, unless the collateral review itself violated some independent constitutional right such as the Equal Protection Clause).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Toles' petition for a writ of habeas corpus is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**